21-1830-cv
Nitkewicz as Tr. of Joan C. Lupe Fam. Tr. v. Lincoln Life & Annuity Co. of N.Y.

# United States Court of Appeals
# for the Second Circuit

August Term, 2021

(Argued: June 6, 2022

Final Briefs Submitted: January 23, 2024          Decided: August 8, 2024)

Docket No. 21-1830-cv

_____

ANDREW NITKEWICZ, as Trustee of the Joan C. Lupe Family Trust and on
behalf of himself and all others similarly situated,

*Plaintiff-Appellant*,

v.

LINCOLN LIFE & ANNUITY COMPANY OF NEW YORK,

*Defendant-Appellee*.

_____

Before:

CALABRESI, LOHIER, and SULLIVAN, *Circuit Judges*.

The United States District Court for the Southern District of New York
(Cronan, J.) concluded that Lincoln Life & Annuity Company of New York was
not obligated under Section 3203(a)(2) of the New York Insurance Law to refund
a payment that Andrew Nitkewicz, as trustee of the Joan C. Lupe Family Trust,
had deposited into a policy account associated with Lupe's life insurance policy
five months before she died.   Because no New York court had analyzed this
provision of New York insurance law, and because that provision implicates
significant New York State interests, we deferred decision on this appeal in order

to certify the following question to the New York Court of Appeals: Whether a planned payment into an interest-bearing policy account, as part of a universal life insurance policy, constitutes a "premium actually paid for any period" under the refund provision of New York Insurance Law Section 3203(a)(2). Because the Court of Appeals has now answered the certified question in the negative, we conclude that the District Court did not err in dismissing the complaint seeking a statutory refund under Section 3203(a)(2). **AFFIRMED**.

> Seth Ard (Alexander P. Frawley, *on the brief*), Susman Godfrey L.L.P., New York, NY, *for Plaintiff-Appellant* Andrew Nitkewicz, as Trustee of the Joan C. Lupe Family Trust and on behalf of himself and all others similarly situated.
>
> John F. LaSalle (Alan B. Vickery, *on the brief*), Boies Schiller Flexner LLP, New York, NY, *for Defendant-Appellee* Lincoln Life & Annuity Company of New York.

LOHIER, *Circuit Judge*:

In our prior opinion, Nitkewicz as Tr. of Joan C. Lupe Fam. Tr. v. Lincoln Life & Annuity Co. of N.Y., 49 F.4th 721, 730 (2d Cir. 2022) (Nitkewicz I), familiarity with which is assumed, we considered a universal life insurance policy issued in 2011 by Lincoln Life to the Joan C. Lupe Family Trust on the life of Joan C. Lupe. This case now returns to us following our receipt from the New York Court of Appeals of an answer to a certified question of New York law. See Nitkewicz as Tr. of Joan C. Lupe Fam. Tr. v. Lincoln Life & Annuity Co. of N.Y., 40 N.Y.3d 349, 358 (2023) (Nitkewicz II).

2

Unlike a term or whole life insurance policy where the policyholder pays fixed, periodic premiums, a universal life insurance policyholder can make payments in any amount at any time to an interest-bearing policy account administered by the insurer, subject to certain specified limitations. Every month, the insurer deducts from this account an administrative fee and the cost of insurance. "The remaining funds in the policy account can grow tax-free over time based on an interest rate set by the insurer and can fund future [insurance] deductions." Nitkewicz II, 40 N.Y.3d at 352.

Lupe structured her payments to Lincoln Life in the form of an annual "Planned Premium" of $53,877.72. She also opted to execute a "Coverage Protection Guarantee Rider," which prevented her life insurance policy from lapsing in the event that the money in the policy account was insufficient to cover the monthly deduction, so long as the alternate "Coverage Protection Guarantee Test" set forth in the rider was met. See App'x at 88. Any fees for the Coverage Protection Guarantee Rider were taken from the policy account as part of the monthly deduction. See App'x at 62, 78.

Andrew Nitkewicz, as trustee of the Joan C. Lupe Family Trust, paid the last annual Planned Premium in May 2018 before Lupe passed away in October

3

2018.  Upon her death, Lincoln Life declined to refund any portion of the Planned Premium that Nitkewicz paid in May 2018.  Nitkewicz then brought suit alleging, among other things, that Lincoln Life's refusal to refund a prorated portion of the Planned Premium violated New York Insurance Law Section 3203(a)(2).  The relevant portion of that provision establishes that "if the death of the insured occurs during a period for which the premium has been paid, the insurer shall add to the policy proceeds a refund of any premium <u>actually paid</u> <u>for any period</u> beyond the end of the policy month in which such death occurred."  N.Y. Ins. Law § 3203(a)(2) (emphasis added).

The District Court nonetheless dismissed the complaint because it concluded, among other things, that the Planned Premiums are not "actually paid" and are instead "simply a statement of intent" to pay for insurance when the monthly deduction is due.  <u>Nitkewicz as Tr. of Joan C. Lupe Fam. Tr. v.</u> <u>Lincoln Life & Annuity Co. of N.Y.</u>, No. 20 CIV. 6805 (JPC), 2021 WL 2784551, at *8–9 (S.D.N.Y. July 2, 2021) (cleaned up).  The District Court further noted that the Planned Premiums "increase the account value, and in doing so earn interest, and are accessible to the owner."  <u>Id.</u> at *9 (quotation marks omitted).

On appeal, we concluded that the question of "[w]hether a planned

4

payment into an interest-bearing policy account, as part of a universal life insurance policy, constitutes a 'premium actually paid for any period' under the refund provision of New York Insurance Law Section 3203(a)(2)" was best answered by the New York Court of Appeals. Nitkewicz I, 49 F.4th at 730. In certifying that question, we determined that even if the Coverage Protection Guarantee Rider transformed the annual Planned Premium into a payment for a specific period of coverage, the Planned Premium would still not be "actually paid" for insurance "since only the monthly deduction pays for insurance." Id. at 727 n.4.

The New York Court of Appeals accepted and answered our certified question in the negative. Nitkewicz II, 40 N.Y.3d at 358. The Court of Appeals held that the Planned Premiums were not "actually paid" for insurance under New York law because "such payments would not necessarily keep the Policy from terminating"; rather, "it was defendant's monthly deductions that actually 'paid' for the insurance because those deductions kept the policy in force for another month." Id. at 355. The Court of Appeals further explained that the Planned Premiums were not paid "for any period" beyond the end of the policy month in which Lupe's death occurred, as "the amount of any given Planned

5

Premium may or may not have been used to cover the monthly deductions" and "might have gone to fund future monthly deductions or might have remained in the [policy account], accruing interest . . . ." Id. at 355–56.

After the Court of Appeals' decision, the parties filed supplemental briefing. In his supplemental briefing, Nitkewicz argues that the final Planned Premium nevertheless qualifies for a statutory refund because the Coverage Protection Guarantee renders his premium "actually paid." Appellant's Supp. Br. 5. We remain unpersuaded. We previously held, and the New York Court of Appeals agreed, that it was the monthly deduction from the policy account that "actually paid" for insurance and directly kept the policy in force each month. See Nitkewicz I, 49 F.4th at 727 n.4; Nitkewicz II, 40 N.Y.3d at 355. The Coverage Protection Guarantee merely offered a backstop to prevent the policy from lapsing in the event that the cash value of the policy account was insufficient to cover the monthly deduction. Nitkewicz never alleged that the account's cash value fell below the monthly deduction.

That the Coverage Protection Guarantee was effective only if sufficient Planned Premiums had been paid did not transform such Planned Premiums into "payments . . . for insurance." Nitkewicz II, 40 N.Y.3d at 355 (quotation

marks omitted). On the contrary, as Nitkewicz admitted at oral argument, Lupe was free to withdraw from her policy account (although not necessarily without penalty) the portion of her annual Planned Premium not yet used for monthly deductions or the load charge. See Oral Arg. Tr. at 39:01–44:20 (discussing availability of partial surrender). Although Lupe did not ultimately make such a withdrawal, see id. at 42:25, the fact that she could have done so leads us to conclude that her Planned Premium was not a "premium actually paid," notwithstanding the Coverage Protection Guarantee Rider. Furthermore, because we hold that the final Planned Premium does not qualify for a statutory refund even with the Coverage Protection Guarantee Rider, we also reject Nitkewicz's request to amend his complaint to elaborate on the Coverage Protection Guarantee Rider.

We thank the New York Court of Appeals for its assistance in resolving this unsettled question of New York law. We have considered Nitkewicz's remaining arguments and conclude that they are without merit. For the foregoing reasons, we **AFFIRM** the judgment of the District Court.